*631 OPINION.
Arttnbell:
The petitioner insists that it was at no time either legally or morally liable to make good the shortage caused by the misappropriation of the funds of the Carter Hotel. It is clear that if it was so liable, that liability arose in 1933 and 1934, when the funds were embezzled. But petitioner asks that it be permitted to accrue in 1937 an amount it was under no liability to pay because near the close of the year it had determined that it was good policy to make some settlement with the Metropolitan Life in order to retain the good will of that company. Accrual of liabilities in order to be used as a basis for income tax deductions must have a more substantial basis. On petitioner’s own statement of its case, no definite liability might arise until 1938, when the parties agreed upon the terms of settlement and, in the circumstances here present, no liability could arise, if at all, before that year. Arabol Manufacturing Co., 26 B. T. A. 1068; Trippensee Manufacturing Co., 15 B. T. A. 15; Price Iron & Steel Co. v. Burnet, 45 Fed. (2d) 921; Clark Dredging Co. v. Commissioner, 63 Fed. (2d) 527.
The conclusion here reached makes unnecessary any discussion of the fact that the lease was one between Metropolitan Life and the Management Corporation and not one made directly with petitioner. It also appears in evidence that the Management Corporation held *632 during the taxable year certain obligations of Taylor to cover the funds embezzled by him, which obligations he was currently, if slowly, liquidating. It is also worthy of comment that if petitioner’s liability was that of a guarantor and thus a secondary liability there is no evidence that it could not have recovered from the Management Corporation a substantial part of the money it was paying to Metropolitan and there is at least some latent evidence in the record to support this observation.

Decision will he entered for the respondent.